**In re Dennis L. REAMY, Debtor.**

**Bankruptcy No. 94–1–1438–DK.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

July 1, 1994.

---

David Wayne New, Bethesda, MD, for debtor.

Thomas L. Lackey, Chapter 13 Trustee, Bowie, MD.

Prince George's County, Rita Kaufman Grindle, Riverdale, MD, for Prince George's County.

### MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

Prince George's County, Maryland, has filed an Objection to the Confirmation of the Plan of Rehabilitation in this Chapter 13 case. The basis for the objection is that Prince George's County is the holder of a secured claim which has not been dealt with in the Plan, in violation of the requirements of 11 U.S.C. § 1325. The claim of the County is based upon real estate taxes asserted against the real property of a debtor/estate for Tax Year 1994–1995. In argument, Counsel for the County expressed some uncertainty as to whether this claim constituted a pre-petition or post-petition claim.

■ Real estate taxes in Maryland are prospective. Such taxes constitute a lien against the property upon which the tax is assessed. Md.Code Ann.Tax–Prop. § 14–804(a) (1994). While the tax may constitute an *in-personam* debt of the owner, it is highly unlikely that a tax sale of the property for unpaid tax would not yield sufficient funds to pay off outstanding tax liens. Md.Code Ann.

Tax–Prop. § 10–401 (1994). To the extent that the tax liability arose prior to the petition date, the liability would constitute a secured claim. Because 11 U.S.C. § 1325 requires a plan to contain treatment for secured claims, such a secured claim would be required to be treated in the plan, or by the plan provide for treatment outside the plan.

■ Were there no other facts in this case, the objection of Prince George's County would be easily disposed of. Real estate taxes do not constitute a lien against property of the owner until they are due and unpaid. Taxes are due in Maryland on July 1st of each year, Md.Code Ann.Tax–Prop. § 10–102(a), for the period beginning on that first of July and running to the 30th of June of the following year. Until July 1st, property can be sold free and clear of the tax liability which would be due on that date, without payment of any prospective tax. On and after July 1st of each year, taxes due for that tax year are a lien with priority over all other liens upon the property regardless of the competing lien's date of origin. Md.Code Ann.Tax–Prop. § 14–805(a). Furthermore, on or after July 1st of each year, the recorder of deeds in each County is prohibited by law from recording any deed of conveyance unless taxes for that year are paid (and any past years which are in arrears). Md.Code Ann.Real Prop. § 3–104(b) (1988 & 1993 Supp.).

This Court finds that the indebtedness for real estate taxes arises on July 1, 1994, for the claim asserted by Prince George's County for real estate taxes for Tax Year 1994–1995. But for further facts discussed below, it is clear that the claim of Prince George's County would arise after the date of petition in this case, and thus, would not constitute a claim required to be dealt with by the plan.

■ Furthermore, if a plan was confirmed in this case before July 1, 1994, the automatic stay would not apply to any action by the County to collect the 1994–1995 real estate tax, *from the real property,* should the tax go unpaid after its due date of July 1, 1994. 11 U.S.C. § 362(a) prohibits collection of *prepetition* claims from the Debtor or Debtor's property. Section 362(a)(4) stays collection

of *any* debt from property of the estate.[1] Upon confirmation, the property in question would revest in the Debtor and no longer be property of the estate. As a result, a post-petition tax lien arising on July 1st and after a confirmation, would not have constituted a lien against property of the estate, but solely against property of the Debtor, and collection of such lien from Debtor's property would not be stayed by 11 U.S.C. § 362(a)(5). Even where the July 1st due date passes before confirmation (but after petition date), the result would be similar. Until confirmation, the automatic stay would preclude an act by the state to collect its tax because the enforcement of lien would be against property of the estate. However, upon confirmation and the revesting of property to the Debtor, Section 362(c)(1) would automatically terminate the stay as to the tax lien foreclosure against the property.

▮ In this case, one additional fact appears which changes the analysis. Prince George's County has filed a proof of claim in this case for its post-petition tax. By doing so, perhaps unwittingly, the County has wandered into a true "mirkwood" of Chapter 13 law.[2] The treatment of post-petition tax claims for which claims are filed in the Chapter 13 case is one of the more difficult analytical areas of Chapter 13. 2 Keith M. Lundin, *Chapter 13 Bankruptcy* § 7.7 (2d ed. 1994).

11 U.S.C. § 1305 permits the filing of a proof of claim by an entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending. Subsection (b) of this provision further states that a claim so filed shall be allowed under § 502 as if such claim had arisen before the date of the filing of the petition. Thus, it may be that the filing by Prince George's County of the proof of claim has caused its post-petition obligation (which did not need to be dealt with under the plan, and if not dealt with would not have been discharged pursuant to 11 U.S.C. § 1328) to be transformed into a claim allowed under Section 502 and which is subject to discharge pursuant to Section 1328(a). In addition, the transposition of this claim to a claim arising as of the petition date would apparently invoke the automatic stay of 11 U.S.C. § 362(a)(5) and prevent the enforcement of the lien against the property of the debtor, even after the confirmation. Because this Court cannot fathom exactly what relief Prince George's County hoped to obtain by the filing of its proof of claim, this Court will Order Prince George's County to: file a clarification of requested relief, withdraw its proof of claim, or agree to treatment of its claim outside the plan.

## ORDER CONCERNING OBJECTION OF PRINCE GEORGE'S COUNTY

Upon an Objection to Confirmation filed by Prince George's County, for the reasons set forth in a separate Memorandum Opinion, it is this 28th day of June, 1994, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the real property tax for the Tax Years 1994–1995 is determined to be a post-petition indebtedness; and it is further,

ORDERED, That by filing of a proof of claim, Prince George's County's claim for post-petition taxes becomes an allowed claim under Section 1305 of the Bankruptcy Code as if it were a pre-petition indebtedness; and it is further,

ORDERED, That Prince George's County shall do one of the following acts within fifteen (15) days of the date of entry of this Order: (1) file a Memorandum of Law setting forth the relief requested by the County and the legal reasoning and citation of authority for such relief, (2) withdraw its proof of claim, thus restoring its claim to a post-petition obligation, or (3) enter into an agree-

---

1. Although § 362(a)(4) prohibits the post-petition creation of a lien against property of the estate, the United States Court of Appeals for the Fourth Circuit has held that a real property tax lien arising post-petition and with no relief from stay is nonetheless not avoidable. *Maryland National Bank v. The Mayor and City Council of Baltimore,* 723 F.2d 1138 (4th Cir.1983). The Second Circuit has held to the contrary. *In re Parr Meadows Racing Assoc., Inc.; Lincoln Savings Bank, FSB v. Suffolk County Treasurer,* 880 F.2d 1540 (2d Cir.1989).

2. *Tolkien, The Hobbit.*

ment with the Debtor to treat the claim of Prince George's County outside the plan by interlineating the plan to indicate such treatment, thus rendering moot the requirement of determining the treatment of its claim within the plan.